**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

NICOLE WARNER,     )
        )
        Appellant,     )     C.A. No. N25A-08-004 CEB
        )
    v.     )
        )
        )
BOARD OF EDUCATION OF     )
BRANDYWINE SCHOOL     )
DISTRICT,     )
        )
        )
        Appellee.     )

## <u>ORDER</u>

This 3rd day of August 2026 the Court enters the following Order:

1. Appellant Nicole Warner ("Warner") has appealed a decision of the Delaware State Board of Education affirming termination of her employment as a school administrator by the Brandywine School District.[1] Warner was employed by the Brandywine School District (the "District") as the Director of Education Services. She provided oversight to the Supervisor of Compliance and Supervisor of Special Education, as well the Emotional Support Therapists that worked in the district schools.[2]

---

[1] Am. Notice of Appeal.

[2] G. Grivner Report & Recommendation, R. at 179-90 [hereinafter Grivner Report].

2. One of those therapists was John Arnold ("Arnold"). Arnold became the focus of some interest when complaints were lodged by a doctor at Nemours Children's Health claiming that Arnold was interfering with the diagnosis and treatment of Nemours clients who were also part of Lombardy Elementary School's Emotional Support Program.[3] It was further reported that Arnold was not a licensed psychologist, despite his claim to these credentials.[4] This issue was reported to Warner on more than one occasion, but no action was taken with respect to Arnold until he was arrested on sexual assault charges involving a five-year-old family member.[5] The District's Director of Human Resources then discovered that Arnold had indeed falsified his license and academic degrees.[6]

3. Following an investigation by the District's legal counsel, the District issued an "Intent to Terminate" letter to Warner for failure to appropriately respond to the allegations made against Arnold. Warner requested a hearing and an appointed hearing officer presided over three days of testimony before issuing a report recommending termination of her employment contract. The District reviewed the report and voted to end Warner's contract.

---

[3] *Id.* at 180.
[4] *Id.* at 181-84.
[5] *See generally id.*
[6] *Id.* at 185.

4.     Warner then appealed the District's decision to the State Board of Education. Briefs were submitted and arguments were held, after which the State Board's hearing officer, in a detailed written opinion, recommended that the Brandywine School District's decision be upheld.[7] On July 18, 2025, the State Board of Education affirmed the District's decision to terminate Warner's employment.[8]

5.     Warner is now appealing to the Superior Court and Brandywine School District has filed a motion to dismiss. The arguments were twofold — first, that the appeal was untimely as it was docketed a day later than the 30 days allowed for appeals, and second, that an appeal of a decision by the State Board of Education is "final" and therefore unreviewable by Superior Court.[9]

6.     As to the question of timeliness, Warner argues that her appeal was filed within 30 days of the State Board's Final Order issued July 16, 2025. Appended to her response are undocketed entries in File & Serve.[10] The File & Serve record for transaction number 76871307 reflects that Warner filed a timely Notice of Appeal and a Certificate of Service on August 15, 2025, but the transaction was rejected by the Prothonotary's staff.[11] An entry dated August 20 by the Prothonotary's clerk indicates this was because the Notice did not include a necessary Writ of Citation on

---

[7] M. Fallis Recommendation, R. at 1403-11.
[8] State Board of Education Final Order, R. at 1456-61.
[9] *See generally* Appellee's Mot. Dismiss.
[10] Appellant's Suppl. Mem.
[11] *Id.*, Ex. 4.

Appeal or Case Information Statement.[12] The docket reflects that an "Amended Notice of Appeal" was filed and accepted on August 19, 2025, which apparently complied with the Prothonotary's collateral paperwork requirements.

7. The Court accepts the docket maintained by File & Serve that counsel for Warner attempted to timely file a Notice of Appeal and it was rejected for want of having the separate Case Information Statement and Writ of Citation on Appeal. These failings, while unfortunate, do not vitiate the timeliness of the filing.

8. The filing of a Notice of Appeal is jurisdictional: if the appeal was not timely filed, it must be dismissed. Rather than parsing cases of "due diligence" as urged by Warner, the Court finds that the Notice of Appeal in this case was, in fact, timely filed, albeit not with the added collateral documents required by the Prothonotary. The appropriate practice would have been that the Prothonotary accept the Notice of Appeal when filed on August 15, subject to Warner promptly submitting the Case Information Statement and Writ of Citation on Appeal, neither of which carry the same jurisdictional significance as a Notice of Appeal.

9. A similar situation was present in *Kostyshyn v. State*, a case in which the defendant sought to file an appeal in Superior Court but did not pay the filing fee, causing the Prothonotary to reject the notice of appeal. The Supreme Court said:

---

[12] *Id.*

4

*no* notice of appeal should ever be refused by a clerk for filing if the intention to appeal is clear from the document filed. Ultimately, whether a notice of appeal is legally sufficient to invoke a court's jurisdiction is a question of law to be determined by a judge after notice to the appellant and an opportunity to be heard.[13]

In *Nicholas v. National Union Fire Ins. Co. of Pittsburgh*, the Supreme Court added that "a notice of appeal should not be rejected automatically by the File and Serve system."[14]  Here, Warner's timely Notice of Appeal was rejected by Court personnel, and it should not have been.  As the Supreme Court did in *Kostyshyn* and *Nicholas*, this Court will accept Warner's August 15, 2025, Notice of Appeal as timely filed *nunc pro tunc*.

10.    The District also moves to dismiss on grounds that decisions of the State Board of Education are "final" and unappealable to Superior Court.  This argument proceeds from the language of 14 *Del. C.* §1058 entitled "Controversies concerning rules and regulations of the school board."  The statute permits school boards to decide controversies involving rules and regulations, and parties to such controversies are given the right to appeal to the State Board of Education.  However, "the decision of the State Board shall be final."

11.    There is no provision in the relevant code which explicitly addresses whether a school administrator may appeal termination of their employment

---

[13] 2010 WL 3398943, at *1 (Del. Aug. 30, 2010).
[14] 74 A.3d 634, 635 (Del. 2013).

contract.[15] Instead, the District urges the Court to read Section 1058 as applicable to Warner's case and prohibiting review in Superior Court.[16]

12. Warner argues that her right to appeal is afforded by the Administrative Procedures Act ("APA"), which applies to the State Board of Education.[17] The APA distinguishes between two different types of agency action: case decisions and regulations. A case decision is defined as "any agency proceeding or determination that a named party as a matter of past or present fact . . . is or is not in violation of a law or regulation, or is or is not in compliance with any existing requirement for obtaining a license or other right or benefit."[18] Section 10142 provides that any party against whom a case decision has been decided may appeal to the Court.[19]

13. Regulations are defined as "any statement of law, procedure, policy, right, requirement, or prohibition formulated and promulgated by an agency as a rule or standard, or as a guide for the decision of cases . . . ."[20] Judicial review of regulations may be accomplished through an action in Superior Court for a declaratory judgment.[21]

---

[15] *But see, e.g.*, 14 *Del. C.* §§ 1410-1414 (describing detailed procedures for terminating services of "teachers").
[16] Appellee's Mot. Dismiss ¶¶18-22.
[17] 29 *Del. C.* §10161(a)(11).
[18] *Id.* §10102(3).
[19] *Id.* § 10142(a).
[20] *Id.* §10102(7).
[21] *Id.* §10141(a) .

14.     Clearly, there is some category of "decisions" of the State Board which the legislature wishes to be final. The finality language in Section 1058 was in the first version of the statute passed by the General Assembly in 1968 "to provide for the reorganization of school districts to be effected by amending and repealing existing laws pertaining thereto."[22] Needless to say, it was a large piece of legislation reorganizing local school districts and consolidating the authority of the State Board of Education to oversee administration and regulation of the various school districts *inter se*. For example, Section 1004 provided that the State Board would submit a plan of reorganization of local school districts, giving existing districts the opportunity to object. The Board would hear the objections and decide, but "the decision of the State Board of Education with respect to any petition shall be final."[23] All personal property of the reorganized district was to be apportioned among the newly resulting districts and, in the event of a dispute, "the State Board of Education shall make the apportionment which shall be final."[24] Thus, in context, the finality provision appearing three times in the 1968 statute was the legislature's effort to empower the Board of Education to resolve disputes between local school districts, not a legislative effort to proscribe a procedure for adjudication of employment disputes.

---

[22] 56 *Del. Laws*, c. 292 (1968).
[23] *Id.* § 1004(b).
[24] *Id.* § 1028(g).

15. In light of the fact that Section 1058 contains no reference to case decisions at all, but does reference "rules and regulations," it makes more sense to interpret the "finality" provision in Section 1058 as relating only to disputes concerning rules and regulations and not case decisions. But the exact scope of the finality provision of Section 1058 need not concern us further as that issue is not squarely before the Court. Rather, the Court need go only so far as to conclude that whatever is meant by the Board's "decision" being "final," it does not, and is not meant to, apply to case decisions. This dispute is a case decision. Warner was a named party, and the Board of Education decided that she failed to conduct herself in the manner required to maintain her employment. It is regulated by the APA and not impeded by Section 1058.

There being no other matter presented by the Board's motion to dismiss, the motion is **DENIED** and briefing on the merits will proceed.

**IT IS SO ORDERED.**

**/s/ Charles E. Butler**
Charles E. Butler, Resident Judge


cc: All Counsel of record via File & ServeXpress